## GOODHUE et al. v. CITY OF BEAUMONT et al.    (No. 1173.)

(Court of Civil Appeals of Texas. Beaumont. April 4, 1925.)

**Municipal corporations ⇐1000(3)—Taxpayers may enjoin performance of contract by city without first requesting city attorney to act.**

Taxpayers of city of Beaumont *held* entitled to sue to enjoin city from performance of contract in suit in their own name and behalf without first requesting city attorney to bring action, notwithstanding provisions of Charter, § 59, pars. 3, 6, that city attorney shall bring action upon request of taxpayers, and that they may bring action on his failing to do so, as charter applies only to suits brought in behalf of city, and provides an additional remedy.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by John F. Goodhue and others against the City of Beaumont and others. From an order dismissing suit on a plea in abatement, plaintiffs appeal. Reversed and remanded, with directions.

Nall & King, of Beaumont, for appellants.
Morris & Barnes and F. J. & C. T. Duff, all of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellants John F. Goodhue and others against the appellees City of Beaumont and Texas & New Orleans Railroad Company in the Sixtieth district court of Jefferson county, the object of the appellants being to obtain an injunction preventing the perform-

ance of a certain written contract between the city of Beaumont and the railroad company, which contract, appellants alleged, in substance, was illegal and beyond the power and authority of the city to make, and that, if performed, it would greatly damage appellants, who are citizens and large property taxpayers of the city, and they brought the suit as citizens and property taxpayers in the city. When the appellants presented their petition to Hon. J. D. Campbell, judge of the Sixtieth judicial district, a temporary writ of injunction was granted as prayed, but subsequently appellees filed answer containing, among other things, a plea in abatement, and, upon hearing of the plea in abatement, the same was sustained and appellants' suit dismissed, and from that order this appeal has been prosecuted.

It would serve no useful purpose to here set out at length the nature of the contract between the city of Beaumont and the railroad company, the performance of which was sought to be enjoined, since the case on its merits is not before us, but the only question is as to whether appellants were entitled to prosecute the suit as made by their petition without having first requested the city attorney of the city of Beaumont to bring the suit, and his declining to do so.

The plea in abatement filed by appellees was based upon paragraphs 3 and 6 of section 59 of the city charter. Paragraph 3 of section 59 provides as follows:

"The city attorney shall apply, in the name of the city, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the city, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the city in contravention of law, or which was procured by fraud or corruption."

Paragraph 6 provides:

"In case the city attorney, upon written request of any taxpayer of the city, fails to make any application provided for in the preceding sections, such taxpayer may institute suit or proceedings for such purpose in his own name on behalf of the city. No suit or proceeding shall be entertained by any court until such request to the city attorney shall first have been made, nor until the taxpayer shall have given security for the costs of the proceeding."

It is the contention of appellants here that paragraphs 3 and 6 of the charter just copied were not intended to and do not prohibit

271 S.W.—9

them as taxpayers and citizens in the city of Beaumont from proceeding in equity in their own name and in their own behalf to cancel the alleged unlawful contract between the city and the railroad company involved in this suit, and to enjoin the city from in any manner performing such contract. They contend that these provisions of the charter only have application to a suit instituted in the name of the taxpayer on behalf of the city, and constitute an additional remedy given to appellants by law. After very careful consideration of appellants' contention as to the purpose of these sections of the charter, we have reached the conclusion that their contention is correct, and that the trial judge was in error in sustaining the plea in abatement.

Without confessing error on the part of the trial judge in sustaining the plea in abatement, attorneys for appellees have filed in this court, since the submission of this cause, a motion stating to the court that they have filed in the court below a waiver of the plea in abatement, and praying this court to reverse the judgment of the trial court and remand the cause for trial upon its merits.

Our holding that the appellants in this case were authorized to prosecute this suit without requesting the city attorney to do so is based upon the facts of this particular case, as made by appellants' petition. We are not unmindful that the provisions of paragraphs 3 and 6 of the charter, requiring, in some circumstances, that a taxpayer of the city of Beaumont shall first request the city attorney to bring a suit to enjoin the performance by the city of illegal contracts, were intended to serve, and may in many instances serve, a useful purpose in preventing the city from being annoyed by vexatious litigation, and in cases where those paragraphs of the charter have application, according to the nature of the suit, we would unhesitatingly uphold and enforce them. But upon the facts of this case, as made by the petition of appellants, we hold that the provisions of the charter upon which the plea in abatement in this case is based have no application.

It is ordered that the trial court's judgment in sustaining the plea in abatement be reversed and the cause remanded, with instructions to the trial court to set aside its order sustaining the plea in abatement, and to permit appellants, as plaintiffs there, to proceed with a trial of the case upon its merits.